UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
JOSEPH VALCIN

                Plaintiff,

   -against-

PRESTIGE DIRECTORS, LLC, JASPAN SCHLESINGER,
LLC, WILLIAM MACKEY, ESQ.

                Defendants.
------------------------------------------------------------------- X

15-CV-4295 (ARR)(LB)

<u>NOT FOR ELECTRONIC
OR PRINT PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

<u>Pro se</u> plaintiff Joseph Valcin brings this action against corporate defendants Prestige Directors, LLC ("Prestige"), Jaspan Schlesinger, LLC,[1] ("Jaspan") and William Mackey in his individual capacity. Plaintiff asserts claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, and New York General Business Law § 349. Defendants have moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion to dismiss is granted.

## BACKGROUND

The facts that gave rise to this action are difficult to ascertain from plaintiff's complaint. In his complaint, plaintiff does not admit that he owes or did owe any debt to any of the named

---

[1] Following the briefing of this motion, plaintiff filed an additional "motion to strike and Memorandum of Law and reply in opposition to defendants motion to dismiss," Dkt. #12. In this motion, plaintiff requested that the court strike the pleadings of defendant Jaspan because the company (a law firm) is representing itself <u>pro se</u>. <u>Id.</u> at 1. While plaintiff argues that Jaspan should be forced to hire outside counsel because "the rules require a statutory corporate entity obtain counsel to represent them in litigation," he cites no authority supporting his claim that a licensed attorney may not represent his own law firm in a civil litigation. <u>Id.</u> While it is true that "it has been the law for the better part of two centuries . . . that a corporation may appear in federal court only through licensed counsel," <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 201-02 (1993), there is no requirement that such licensed counsel not be an employee of the company he represents.

1

defendants or to any third party. Rather, plaintiff contends that defendant Prestige alleged that plaintiff executed a debt on September 27, 2005 with a creditor named Flushing Savings Bank, FSB ("Flushing"). Compl. ¶ 6. In 2007, Flushing and its law firm, Lynch & Associates, initiated a collection action against plaintiff for this alleged debt in New York State Court. Id. ¶ 7.

In January of 2014, Flushing assigned this action to Prestige. See Id.; Ex. A to Compl. Plaintiff asserts that on July 7, 2015, he served a notice of dispute, pursuant to 15 U.S.C. §1695 and N.Y. Gen. Bus. § 349, on defendant Prestige and that such notice required defendants to "validate the alleged debt" and "obtain verification from the creditor." Id. ¶ 8; Ex. B to Compl. Plaintiff asserts that he has not received the requested validation of his debt and that defendants' non-compliance with his request has made him "unable to determine if there is a legitimate debt owed and if so, to whom." Id. ¶ 8, 12. Further, plaintiff seeks monetary damages as a result of defendants' "failure and or inability to obtain accurate, factual and reliable information regarding the alleged current creditor and amount of the alleged debt." Id.

Plaintiff also attached two documents as exhibits to his complaint. Exhibit A pertains to the assignment of the mortgage for a property located in Queens, New York from a company named Hayden Asset IX, LLC ("Hayden") to defendant Prestige. See Ex. A to Compl. Plaintiff asserts that this mortgage is the debt that Prestige alleges to have obtained by assignment from a previous creditor and took action against plaintiff to collect. Compl. ¶ 6. Exhibit B is a copy of the "Consumer Notice of Dispute of Debt" referenced in Plaintiff's complaint requesting verification of the alleged debt from both Flushing and Prestige. See Ex. B to Compl.

Defendants' motion to dismiss provides a more detailed version of the alleged factual events. According to defendants, plaintiff obtained a loan from Flushing in 2005 for $365,625. Mem. of Law in Supp. of Defs.' Mot. to Dismiss, Dkt. #10-18, at 1 ("Mot. to Dismiss"). When

plaintiff applied for the loan, he indicated that the property was being purchased as an "investment." Id. Further, plaintiff signed an adjustable rate mortgage note, agreeing to pay back to Flushing the loan amount of $365,625. Id. Further, as collateral for payment of the note, plaintiff executed a mortgage for Flushing ("mortgage"), allowing Flushing to foreclose on the property if plaintiff failed to pay back the loan.

Defendants further allege that in 2009, plaintiff defaulted on his mortgage payments and Flushing commenced an action in the Supreme Court of the State of New York to foreclose on the property. Id. at 2. Between this 2009 default and the present, defendants allege that the promissory note for the 2005 loan and the accompanying mortgage were assigned from Flushing to Hayden, and later from Hayden to defendant Prestige. Id. at 2-3.

After various state court proceedings, the foreclosure sale of the property was scheduled for July 24, 2015. Id. at 4. About a month prior to the foreclosure sale, plaintiff served a "notice of dispute of debt" pursuant to the FDCPA on defendant Prestige. Id. Defendants allege that, despite disputing the applicability of the FDCPA to the foreclosure proceedings, they provided plaintiff with ninety-six pages of documentation in response to his request. Id. Two days prior to the foreclosure sale, plaintiff commenced the instant action. Id.

In addition to filing the instant suit, plaintiff brought an Order to Show Cause in state court asking to stay the foreclosure sale. Id. The state court indicated that plaintiff had "no meritorious argument or defense," and the foreclosure sale was held on July 24, 2015. Id. at 5. Defendants maintain that that the instant action is nothing more than a failed "11th hour attempt to stop the foreclosure sale of [plaintiff's] property." Id. at 14. Defendants have attached extensive documentary evidence to their motion to support their version of factual events. See

Ex. A-P of Decl. of Jeffrey H. Schwartz in Supp. of Defs.' Mot. to Dismiss, ("Schwartz Decl."), Dkt. #10-1.

In response to defendants' motion, plaintiff insists that defendants factual assertions are all "new" to him and "specifically denies each and every [] statement of defendants absent sworn testimony, facts and evidence to support their ridiculous arguments." Pl.'s Mem. in Opp'n and Reply in Opp'n to Defs.' Mot. to Dismiss ("Reply"), Dkt. #9, at 2. Further, plaintiff "specifically denies a loan was made in lawful money or any other currency of the United States." Id. While plaintiff acknowledges having received a response from Prestige when he requested a validation of his alleged debt, he asserts that Prestige sent him "ninety six (96) pages of hearsay documentation that fails to satisfy defendant's duty and obligation under the FDCPA." Id. at 3.

**STANDARD OF REVIEW**

In order to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[s] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleading stage, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 555-56. However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

The court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). While pro se complaints must

contain sufficient factual allegations to meet the plausibility standard, the court reviews such allegations by reading the complaint "liberally" and interpreting the allegations to raise the "strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

### A. Plaintiff's Claim under the FDCPA

For the purposes of the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . ." 15 U.S.C. § 1692a. Thus, in order to state a claim under the act, a plaintiff must plead facts sufficient to show that the debt collection practices complained of arise from the collection of a consumer debt. See Goldman v. Cohen, 445 F.3d 152, 154 n.1 (2d Cir. 2006) ("actions arising out of commercial debts are not covered by the protective provisions of the FDCPA") (emphasis added); Anderson v. Granoff, Walker & Forlenza, P.C., 11-civ-4178 (DAB), 2012 WL 1066801 (S.D.N.Y. Mar. 27, 2012), at *2, 4 (rejecting plaintiff's legal conclusion that alleged "debt" qualified for protection under the FDCPA and dismissing claim because plaintiffs "ha[d] not alleged a consumer debt within the meaning of the FDCPA.") (emphasis added).

Plaintiff has failed to plead that the alleged debt in question arises from a consumer transaction. Besides attaching a copy of a mortgage assignment to his complaint, plaintiff alleges no information regarding the nature of the debt at all. Rather, plaintiff alleges only that "the debt collection action masquerading as a foreclosure action is an attempt to collect a debt as defined in §1692(a)(5)." Compl. ¶ 7. Under the FDCPA, a plaintiff must allege that the misconduct in

question arose from the collection of a consumer debt. This conclusory statement is not sufficient for plaintiff to satisfy that pleading requirement.

While plaintiff has not alleged any information about the nature of the debt, defendants have specifically alleged that the debt in question was commercial in nature. Defendants have provided a copy of the alleged loan agreement between Flushing and plaintiff. See Uniform Residential Loan Application, Ex. B. to Schwartz Decl., Dkt. #10-3. The agreement is signed by plaintiff and states that the "purpose" of the property, that plaintiff allegedly intended to purchase using the loan, was for use as an "investment," not for use as a primary or secondary residence. Id. In his reply brief, plaintiff responded by asserting that, even if he did originally plan to use the property as an investment, "[n]o facts and or testimony exist from defendant that proves Plaintiff did not re-arrange those plans." Reply at 4. That may be true, but the burden is on the plaintiff in the first instance to plead a complaint with plausible facts which, if true, would entitle him to relief under the FDCPA. Plaintiff has not met this burden, as he has not alleged any facts that indicate that the alleged debt was "primarily for personal, family, or household purposes," 15 U.S.C. § 1692a(5), rather than for business purposes as defendants' evidence suggests. Therefore, defendants' motion to dismiss is granted.

In light of his pro se status, the court will grant plaintiff leave to amend his complaint. However, it should be noted that if plaintiff does in fact claim he was going to use the property as an investment and then changed his mind and used it as a personal residence, he still may not be entitled to relief under the FDCPA. See Anderson, 2012 WL 1066801, at *3 ("To determine whether a particular debt is commercial or personal in nature, courts 'examine the transaction as a whole,' paying particular attention to the 'purpose for which the credit was extended....'") (quoting Bloom v. I.C. System, Inc., 972 F.2d 1067, 1068 (9th Cir. 1992)) (emphasis added));

Ernst v. Berson Associates, Ltd., 93-cv-5233(ADS), 1994 U.S. Dist. LEXIS 21653, at *5–6 (E.D.N.Y. Aug. 15, 1994) ("To determine whether a debt is commercial or personal in nature, the consumer's purpose <u>in making the transaction</u> is of paramount interest to the Court.") (emphasis added). Thus, plaintiff should only amend his complaint if he is able to allege facts that would make it plausible that the "transaction as a whole" was personal in nature, not just that the property was, at some point, used for non-business purposes.[2]

Plaintiff is further cautioned to amend his complaint only with respect to the defendants for whom he can "allege facts that allow[s] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 662. At this point, beyond the conclusory statement that they are "debt collectors," plaintiff has alleged no facts that indicate what defendants Mackey or Jaspan's relationships are to the alleged debt or why they had an obligation to respond to plaintiff's request to have the debt validated. Compl. ¶¶ 7-8. Even if plaintiff can state a plausible claim under the FDCPA, plaintiff must satisfy the pleading standard with respect to each defendant individually if he wishes for his claims against all named defendants to proceed.

Lastly, defendants argue that, even if plaintiff could amend his complaint to show that the alleged debt was a consumer debt, the FDCPA still would not apply because the law does not

---

[2] Defendants contend that the state court's determination that this was a "commercial foreclosure" rather than a home loan under N.Y. Real Prop. Acts. Law § 1304 established as the "law of the case" that the property in question was a commercial property. Defs.' Reply in Supp. of Mot. to Dismiss, Dkt. #11 at 3. However, the requirements of § 1304 differ from those of the FDCPA. As discussed above, the FDCPA requires that the debt in question be incurred by the borrower "primarily for personal, family or household purposes." 15 U.S.C. § 1692a. In contrast, under § 1304(ii)-(iii), a loan to purchase real property is only considered a "home loan" if both "the debt is incurred by the borrower primarily for personal, family or household purposes" <u>and</u> "the loan is secured by a mortgage or deed of trust on real estate . . . intended to be used or occupied wholly or partly, as the home or residence of one or more persons." Unlike § 1304, the FDCPA has no requirement that real property "be used as the home or residence of one or more persons" in order to fall under the law's protections. Thus, the "law of the case" has not been established, as it is possible that a debt arising from a loan to purchase real property could qualify for the broader protections of the FDCPA without qualifying as a "home loan" under N.Y. Real Prop. Acts. Law § 1304.

apply to actions to foreclose on a security interest when the foreclosing party does not seek a deficiency judgment. Mot. to Dismiss at 10. This is an open question in this court, as the Second Circuit has explicitly declined to rule on it. See Boyd v. J.E. Robert Co., Inc., 765 F.3d 123, 125 n.3 (2d Cir. 2014) (". . .we do not address the District Court's conclusion that the FDCPA does not apply to enforcements of security interests against property."). In light of the vague nature of plaintiff's complaint and plaintiff's insistence that he is protesting defendants' "debt collection" and not their "foreclosure," Reply at 2, the court declines to reach the issue as to whether security interests are subject to the FDCPA's protections at this time. If plaintiff chooses to file an amended complaint, he must make it clear whether he is alleging any misconduct involving a debt collection that is distinct from the actions taken by defendants during the foreclosure on his property.

B. Plaintiff's Claim under N.Y. Gen. Bus. § 349

A district court "may decline to exercise supplemental jurisdiction over" a state-law claim if, as here, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When evaluating whether to exercise supplemental jurisdiction, district courts are instructed to balance "values of judicial economy, convenience, fairness, and comity—the "Cohill factors." Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) (citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988)). However, the Supreme Court has also advised that "in the unusual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7.

This is such a case, as plaintiff's FDCPA claim was his only federal claim. Moreover, if plaintiff cannot successfully amend his federal claim, none of the factors established in Cohill would support the court's exercising supplemental jurisdiction over his state law claim. Therefore, the court declines to exercise supplemental jurisdiction over plaintiff's claim under N.Y. Gen. Bus. § 349 at this time.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted. In light of plaintiff's pro se status, the court grants plaintiff leave to file an amended complaint to comply with the requirements of the FDCPA. However, the court warns plaintiff that he should make no effort to amend his complaint unless he has a good-faith basis for his allegation that the alleged debt was a consumer debt, and that defendants acted in violation of the FDCPA. If plaintiff elects to file an amended complaint, it must be submitted to the court no later than January 7, 2016 and bear the same docket number as this opinion and order: 15-CV-4295 (ARR)(LB). Plaintiff is advised that the amended complaint would replace the original pleading in its entirety. All further proceedings shall be stayed for thirty days.

If plaintiff does not file an amended complaint by January 7, 2016, or if his amended complaint does not cure the defects identified in this opinion, plaintiff's claims will be dismissed with prejudice. Plaintiff is further advised that, if he submits an amended pleading, he is certifying that the facts he presents to the court have evidentiary support or will likely have evidentiary support after reasonable discovery. Fed. R. Civ. P. 11(b). Despite his pro se status, plaintiff may still be subject to sanctions pursuant to Rule 11(c) if he makes representations to the court that lack such evidentiary support after discovery.

SO ORDERED.

/S/ Judge Allyne R. Ross

_____
Allyne R. Ross
United States District Judge

Dated: December 7, 2015
Brooklyn, New York